Marc J. Randazza, NV Bar # 12265
Ronald D. Green NV Bar # 7360
LaTeigra C. Cahill, NV Bar # 14352
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117
Telephone: 702-420-2001
ecf@randazza.com

Attorneys for Plaintiffs
Dennis Hof and Cherry Patch LLC

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| **DENNIS HOF**, an individual; **CHERRY PATCH LLC**, a Nevada limited liability company, <br><br> Plaintiffs, <br><br> vs. <br><br> **NYE COUNTY**; **NYE COUNTY BOARD OF COUNTY COMMISSIONERS**; **DAN SCHINHOFEN** (in his personal and official capacity as an employee of Nye County); **ANDREW BORASKY** (in his personal and official capacity as Commissioner of District 4 of Nye County); **JANE DOE**; and **JOHN ROE**, <br><br> Defendants. | Case No. 2:18-cv-01492-GMN-NJK <br><br> **EMERGENCY MOTION FOR EARLY DISCOVERY** |

Plaintiffs Dennis Hof and Cherry Patch, LLC ("Cherry Patch") move this Court for an order permitting them to take early discovery relevant to their request for injunctive relief.  Plaintiffs should be entitled to take limited and narrow discovery in order to gain evidence to support their Motion for Preliminary Injunction.

Plaintiffs file this Motion on an emergency basis because they require the requested discovery to support their request for injunctive relief. If this Motion is heard in the ordinary course, it will likely still be pending after the Court has ruled upon Plaintiffs' request for extraordinary relief.

Pursuant to Local Rule 7-4, Attorneys LaTeigra Cahill and Rebecca Bruch conferred regarding the contents of this motion.  See Declaration of LaTeigra Cahill ("Cahill Decl."), attached as **Exhibit 1**. Ms. Bruch's position is that the documents discussed below can be produced via a public records request. See Cahill Decl. at 1.  The Plaintiffs have already sent a public records request and have asked that the request be processed on an expedited basis.  See Public Records Request at **Exhibit 2**.  However, there is no guarantee that the records will be produced timely.  If the records are produced as soon as possible, the Plaintiffs will withdraw this Motion.

This Motion is based upon the attached Memorandum of Points and Authorities, the papers and pleadings on file herein, and any oral argument scheduled by this Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1.0    INTRODUCTION**

Whenever a party can show good cause for doing so, courts are permitted to allow the parties to engage in discovery earlier than at the conclusion of the Fed. R. Civ. P. 26(f) conference.  It is well-settled that a plaintiff can show good cause for early discovery if it has asked for injunctive relief from the court.  Here, as detailed in the Motion for Temporary Restraining Order/Preliminary Injunction filed last week, Defendants have unlawfully and maliciously shut down Plaintiffs' business in violation of the First and Fourteenth Amendments to the United States Constitution.

When Defendants refused to renew Plaintiffs' brothel license on August 7, 2018, they did not do so because Plaintiffs violated any statute or provision of the Nye County code.  Rather, they shuttered Plaintiffs' business as retaliation for a defamation lawsuit Plaintiffs filed against County Commissioner Andrew "Butch"

Borasky and two civil rights suits Plaintiffs filed against Nye County, the Ney County Board of County Commissioners, and County Commissioner Dan Schinhofen.

Plaintiffs have made a public records request for the records discussed in this motion, however, if the public records request is not fulfilled by next week, then the Plaintiffs will be prejudiced. Plaintiffs require early discovery to demonstrate to the Court that Defendants' supposed rationale for closing Plaintiffs' brothel is a mere pretext and that the County deviated from the manner in which it typically accepts business license renewal applications from brothels in order to unlawfully deprive Plaintiffs of their business and to deprive Plaintiffs' employees and independent contractors of their livelihoods.  Plaintiffs have tailored their requested discovery solely to subjects that will assist the Court in deciding Plaintiffs' Motion for Preliminary Injunction and respectfully request that the Court grant the instant Motion.

**2.0     RELEVANT FACTS AND REQUESTED DISCOVERY**

Plaintiffs Hof and Cherry Patch have filed a Motion for Temporary Restraining Order/Preliminary Injunction and incorporate the Statement of Facts contained in that Motion.  As discussed in the Motion, when Defendants refused to renew Plaintiffs' brothel license on August 7, 2018, Defendants deviated significantly from their typical procedure in order to terminate Plaintiffs' license, shutter the doors of their business, and retaliate against Plaintiffs for filing lawsuits against them.

In shutting down Hof's and Cherry Patch's business, Defendants violated Plaintiffs' Constitutional rights, and Plaintiffs are entitled to injunctive relief to restore the status quo, specifically allowing Plaintiffs to operate their brothel, during the pendency of this litigation. In order to fully demonstrate to the Court that Defendants intentionally deprived Plaintiffs of their Constitutional rights when they refused to renew their business license, Plaintiffs do require limited, targeted

Emergency Motion for Early Discovery

discovery relevant to their request for injunctive relief.  Specifically, they request that the Court permit the following early discovery:

1.    An Order requiring Defendants to produce all records and information providing the dates that the required business license renewal forms were mailed to brothel owners for the 3rd and 4th quarters of 2017 and the 1st and 2nd quarters of 2018.

2.    An Order requiring Defendants to produce all records and information providing the dates that Nye County received the required business license renewal paperwork for all brothels in Nye County[1] for the 3rd and 4th quarters of 2017 and the 1st and 2nd quarters of 2018.

3.    An Order requiring Defendants to produce all records and information providing the dates that Nye County received the payment required for business license renewal from all brothels in Nye County for the 3rd and 4th quarters of 2017 and the 1st and 2nd quarters of 2018.

4.    An Order requiring the Person Most Knowledgeable for Nye County with regard to items 1, 2, and 3 to appear for deposition.

Plaintiffs request that the Court order Nye County to comply with item numbers 1, 2, 3, and 5 within ten days of the Court's issuance of an Order on this Motion.  They request that the Court order Nye County to produce the witness requested for deposition in item number 4 at a time mutually convenient for counsel for both parties and prior to the hearing on the Motion for Preliminary Injunction.

**3.0    STANDARD OF REVIEW**

Typically, discovery in litigation does not commence until after the parties conduct their conference pursuant to Fed. R. Civ. P. 26(f). *See* Fed. R. Civ. P. 26(d)(1). However, in some instances, the Court will permit the parties to engage in early discovery "for the parties' and witnesses' convenience and in the interests

[1]    There are only 4 brothels in Nye County. (*See* Nye County Agenda Information Form, attached to the Motion for Preliminary Injunction as **Exhibit 3**.) Plaintiffs' requests for information will not burden Defendants, particularly since the requests are limited to the last 4 license renewal periods.

of justice." *Patrick Collins, Inc. v. Doe*, 2010 U.S. Dist. LEXIS 138306, at *4 (N.D. Cal. Dec. 28, 2010). The party requesting early discovery must show "good cause" "that weighs the need for discovery to further justice against the prejudice of the opposing party." *MGM Resorts Int'l v. Does*, 2017 U.S. Dist. LEXIS 138204, at *3 (D. Nev. Aug. 28, 2017) (*citing Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002)).

Good cause "may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276. The good cause standard may be satisfied when the plaintiff is seeking a preliminary injunction. *See Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009); *El Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc.*, 344 F. Supp. 2d 986, 991 (S.D. Tex. 2004); *Qwest Comm. Int'l, Inc. v. Worldquest, Inc.*, 213 F.R.D. 418, 419 (D. Col. 2003); Advisory Committee Notes to the 1993 Amendments to Rule 26(d). In determining whether good cause exists:

> Factors that a court may consider include: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the request; and (5) how far in advance of the typical discovery process the request was made."

*Am. LegalNet*, 673 F. Supp. 2d at 1067 (*quoting Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Auth.*, 234 F.R.D. 4, 7 (D. D.C. 2006) and *citing Qwest Comm.*, 213 F.R.D. at 419).

The party seeking the preliminary injunction should demonstrate that the discovery it is seeking is tailored to obtain information relevant to the preliminary injunction determination. *See, e.g., Am. LegalNet*, 673 F. Supp. 2d at 1066-67; *Disability Rights Council of Greater Wash.*, 234 F.R.D. at 7; *Dimension Data N. Am. v. NetStar-1, Inc.*, 226 F.R.D. 528, 532 (E.D. N.C. 2005). Moreover, the discovery

requests should be limited to "information 'to preserve the status quo.'" *Am. LegalNet*, 673 F. Supp. 2d at 1068 (*quoting Disability Rights Council of Greater Wash.*, 234 F.R.D. at 7; *Dimension Data N. Am.*, 226 F.R.D. at 532).

**4.0    LEGAL ARGUMENT**

The subjects upon which Plaintiffs are requesting early discovery are narrowly tailored to the subject matter of their motion for injunctive relief and are necessary to provide this Court with a fully formed picture of the lengths Defendants went to shut down Plaintiffs' business.  Moreover, an analysis of the factors that the Court should consider weigh firmly in favor of allowing Plaintiffs to take early discovery.

**4.1    Whether a Motion for Preliminary Injunction Is Pending**

This factor would weigh in Plaintiffs' favor even if they were seeking information to allow them to file for a preliminary injunction.  *See Bona Fide Conglomorate, Inc. v. SourceAmerica*, 2014 U.S. Dist. LEXIS 189051, at 5 (S.D. Cal. Nov. 7, 2014).  In this case, Plaintiffs have already filed a motion for injunctive relief, prior to filing this Motion.  Plaintiffs easily satisfy this factor.

**4.2    The Breadth of the Discovery Requests**

The discovery that Plaintiffs seek is extremely narrow, and Plaintiffs have made a *prima facie* showing that Defendants targeted Plaintiffs.  This weighs in favor of granting expedited discovery. *See Bona Fide Conglomorate*, 2014 U.S. Dist. LEXIS 189051, at *5-6.

All that Plaintiffs have requested is business license renewal information for four brothels for one calendar year.  They have additionally requested a short deposition from the Nye County employee who has the most knowledge with regard to the business license renewals for that calendar year.  These requests are narrow and should be granted.

### 4.3     The Purpose for Requesting Expedited Discovery

Plaintiffs have requested expedited discovery solely to assist the Court in ruling upon their Motion for a Temporary Restraining Order/Preliminary Injunction and have tailored each request for that specific purpose.   Plaintiffs are not attempting to conduct "nearly all discovery in an expedited fashion under the premise of preparing for a preliminary injunction hearing."  *Better Packages, Inc. v. Zheng*, 2006 U.S. Dist. LEXIS 30119, at *15 (D. N.J. May 17, 2006).   Given that Plaintiffs requests are narrowly tailored, this factor weighs in Plaintiffs' favor.  *See, e.g., Palermo v. Underground Solutions, Inc.*, 2012 U.S. Dist. LEXIS 80616, at *7-8 (S.D. Cal. June 11, 2012).

First, with regard to Requests 1, 2, and 3, *supra* Section 2.0, Plaintiffs seek information and documents regarding business license renewals for Nye County's four brothels for quarters 3 and 4 of 2017 and quarters 1 and 2 of 2018 because Plaintiffs are confident that these documents and information will demonstrate that Defendants deviated from the manner in which they normally renew brothel business licenses to ensure that they could shut the doors of Plaintiffs' brothel. These documents and information will also demonstrate that Defendants excused "violations" by the owners of Nye County's three brothels that are not owned by Plaintiffs while taking Plaintiffs to task for those "violations."   Plaintiffs seek the deposition of Defendant Nye County's Person Most Knowledgeable for the same purpose.

Everything that Plaintiffs have requested has been done in order to show the Court that it should preserve the status quo. In other words, the Court should issue an injunction permitting Plaintiffs' business to operate during the pendency of this litigation, and these documents will assist the Court in reaching that conclusion.

### 4.4    The Burden on Defendants

There will be no undue burden on Defendants with regard to producing the requested discovery. In fact, there will be virtually no burden at all. If the discovery requests are not broad and burdensome, this weighs in favor of expedited discovery.  *See Profil Institut Fur Stoffwechselforschung Gbmh v. Profil. Inst. For Clinical Research*, 2016 U.S. Dist. LEXIS 175238, at 14 (S.D. Cal. Dec. 16, 2016).

Plaintiffs are requesting documents and information from Defendants that is no more than one year old. The documents should still be easily accessible as business records, and the deponent provided by the County will not be asked to recall information that is more than one year old.

### 4.5    How Far in Advance the Request Was Made

Finally, while Plaintiff has made its request for early discovery in advance of when discovery would normally commence, they have already demonstrated the need for that discovery and that they are not attempting to abuse early discovery by demanding information not related to their preliminary injunction motion.  Moreover, Hof and Cherry Patch have demonstrated that, while limited discovery at this time would not burden Defendants, Plaintiffs would be "prejudiced if required to wait until discovery opens" to obtain the requested information. *Bona-Fide Conglomorate*, 2014 U.S. Dist. LEXIS 189051, at *7.

Furthermore, Defendants possess no legitimate challenges to the jurisdiction of this Court that might compel the Court to wait to allow early discovery.  *See, e.g., Profil Institut Fur Stoffwechselforschung*, 2016 U.S. Dist. LEXIS, at 15.  While discovery would not typically commence this early in a case, there is no reason to deny Plaintiffs' request on that basis, and all other factors weigh heavily in favor of permitting early discovery now.

**5.0    CONCLUSION**

For each and every reason identified herein, Plaintiffs respectfully request that the Court hear this Motion on an emergency basis and grant it in full.

Dated: August 14, 2018.          Respectfully Submitted,

RANDAZZA LEGAL GROUP, PLLC

/s/ Marc J. Randazza
Marc J. Randazza, NV Bar # 12265
Ronald D. Green NV Bar # 7360
LaTeigra C. Cahill, NV Bar # 14352
Randazza Legal Group, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117

Attorneys for Plaintiffs
Dennis Hof and Cherry Patch LLC