Marc J. Randazza, NV Bar # 12265
Ronald D. Green NV Bar # 7360
LaTeigra C. Cahill, NV Bar # 14352
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117
Telephone: 702-420-2001
ecf@randazza.com

Attorneys for Plaintiffs
Dennis Hof and Cherry Patch LLC

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| **DENNIS HOF**, an individual; **CHERRY PATCH LLC**, a Nevada limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>**NYE COUNTY**; **NYE COUNTY BOARD OF COUNTY COMMISSIONERS**; **DAN SCHINHOFEN** (in his personal and official capacity as an employee of Nye County); **ANDREW BORASKY** (in his personal and official capacity as Commissioner of District 4 of Nye County); **JANE DOE**; and **JOHN ROE**,<br><br>Defendants. | Case No. 2:18-cv-01492-GMN-NJK<br><br>**REPLY IN SUPPORT OF MOTION FOR A TEMPORARY RESTRAINING ORDER** |

Plaintiffs Dennis Hof and Cherry Patch LLC ("Cherry Patch") (collectively, "Plaintiffs") hereby file their Reply in Support of their Motion for a Temporary Restraining Order.

### 1.0   INTRODUCTION AND FACTUAL BACKGROUND

Public officials take an oath to uphold the Constitution, to ensure that all citizens receive Due Process of the law and to ensure that all citizens are treated equally under the law. Here, Defendants took away Plaintiffs' business without a hearing, and Plaintiffs will be able to show that Defendants retaliated against the

Plaintiff based on his political speech based on the fact that the Plaintiff has not been treated equally as to other brothel owners.

On August 21, 2018, Plaintiffs took a deposition of Callie Stark ("Stark"), the person designated most knowledgeable regarding the brothel licensing. The Plaintiffs have ordered an expedited copy of the deposition, but it is not available at the time of drafting this reply. However, the deposition will show that Nye County has never followed, and still does not follow, the ordinance that Defendants cited to as the reason it would not renew the license. Nye County Code § 9.20.110 states: 1) Thirty days before the expiration date of any license, licensees shall apply to the Sheriff on the form provided for renewal; and 2) Failure of any licensee to apply for a renewal, as required in subsection C7 of this section, shall result in an automatic revocation of the license on the expiration date thereof."

First, Stark testified that the "form" referred to in the statute above does in fact refer to the renewal notice attached to Plaintiffs' TRO. See ECF 3 at 25. Stark testified that the Sheriff's office does not provide any other form. Stark also testified that she has always interpreted the bottom of the form, referred to as Figure 1 in the TRO, to only be required if someone were leaving the brothel business. Stark testified that most of the brothels do not return that form, but that she has no records of anyone returning the form **because the Sheriff's office shreds all the forms immediately.** Stark further testified that the Sheriff's office always sent the form out two weeks before the end of the quarter, rather than prior to the 30 days, as noted in the ordinance. Stark produced printouts from her licensing software that shows what the renewal form looked like when she sent it out, but she admitted that she has no record of 1) what date she actually sent out the form and 2) no record of the actual form or whether anyone else returned the actual form because the Sheriff's office destroys the forms. The only actual records Stark provided were copies of the deposit slips, which do not show the

date the County received the checks. Stark also said she would produce an email she sent regarding the checks before the hearing tomorrow morning.

Stark admitted that the Sheriff's office does not keep records of when they receive checks from the brothels, because when she enters the check into her licensing software, the only date that the software reflects is the date of the quarter. For example, if a quarter ends on April 1, then checks entered before April 1 would reflect a date of April 1, and checks entered after April 1 would also reflect a date of April 1. Thus, Stark says that the Sheriff's office has no way of knowing who paid before the end of the quarter, and who paid after. Stark said that when brothels paid late in the past, she merely entered the check amount into her licensing software.

Stark said there are no late fees for paying late and she has no way of knowing which brothels actually paid late in the past. Further, she has no idea who turned in the form, as required by the ordinance, because there are no records. Last, she admits that she has entered in payments after the quarter date for brothels. Stark says she has either attended every renewal meeting in person or watched it on video shortly afterwards. Start says in the 7 years she has worked for the County, she has never seen a brothel have its license revoked for not sending in the form or for sending in the check late. Stark also said that brothel owners normally do not attend the renewal meetings, and that she has never seen a brothel owner show up to a renewal meeting when the Sheriff has recommended that the license be renewed.

Thus, Defendants have not followed the requirements set out in the above cited ordinance for at least 7 years. Defendants selective enforcement of the ordinance against Plaintiff shows that Defendants intended to retaliate against Plaintiff.

The only reason that Defendants suddenly decided to pay attention to this ordinance is due to retaliation. For example, Defendant Dan Schinhofen has been a Nye County Commissioner for over 7 years: Schinhofen was the District 5

incumbent Republican.  Schinhofen lost his primary this year, and he publicly blamed Dennis Hof's political campaign for that loss.  At the June 19, 2018 Nye County Commission meeting (the first meeting after the election), Schinhofen openly blamed Dennis Hof for losing his election.  Former Assemblyman Ed Goedhart attended that meeting[1], and he said that before the Commissioners called the meeting to order, he heard Schinhofen tell a group of people, "Dennis cost me the election and I have about 5 months to get even with him." See Exhibit 1.

Later during the meeting, Schinhofen publicly blamed Mr. Hof's campaign signs and the "lies" Schinhofen says Mr. Hof told about him for his political loss[2]. To have the County suddenly decide to reinterpret this ordinance and decide that Mr. Hof has not complied with it (despite the fact that the County admits that the County has not created protocols that are in compliance with the ordinance) shows that the County has targeted Mr. Hof, has not treated him equally under the law, and has denied him due process.

## 2.0   ARGUMENT

As an initial matter, Defendants claim that Plaintiffs' Second and Fourth Claims for Relief are "improper" because they are based on the Nevada Constitution which provides identical rights as the U.S. Constitution.  Plaintiff offers no support for this position.  While the claims under the Nevada Constitution may

---

[1] Plaintiffs should note that there is a typographical error in the Declaration that states that the meeting took place on June 12th rather than June 19th – given that Mr. Goedhart has had limited internet connection, he will not be able to submit a corrected declaration until after the hearing. No meeting took place on June 12th and the meeting directly after the election took place on June 19th.

[2] Available at: http://nyecounty.granicus.com/MediaPlayer.php?view_id=4&clip_id=1207, See minutes 20-24, Exhibit to be manually filed as soon as possible.

rise and fall with the claims based on the U.S. Constitution, the claims are valid and there is no basis for dismissing those claims.

### 2.1 Plaintiffs Have a Likelihood of Success on the Merits of their Claims

#### 2.1.1 Cherry Patch Has a Property Interest in their Brothel License

Defendants dismiss the fact that Plaintiffs hold a property interest their brothel license, by stating that holding a brothel license is a privilege and not a right. It is a refrain often sung by local governments who would prefer to sidestep the formalities of due process. Here, the Defendants hang their hat on Section 9.20.060 which specifically states that brothel licenses shall be deemed a "**revocable privilege**." Opposition at 11:2-4. But just because the ordinance labels it a revocable privilege does not trump the due process requirements that attach when state law creates a right and an expectation that the right will be protected from arbitrary and capricious revocation without due process of law.

*Board of Regents v. Roth*, 408 U.S. 564, 577 (1972) and *State v. Rosenthal,* 93 Nev. 36, 42, 559 P2d 830, 834 (1977) are directly on point and nothing in Defendant's arguments defeat the holdings in those cases. Were Defendants' argument to hold, there would be a rush to add this is a "revocable privilege" language to every licensing provision throughout the Circuit and beyond. Moreover, the same provisions that deem the license a privilege also sets for the procedures for revoking a license...procedures Defendants ignored, both in practice and in their briefing.

Defendant then argues that the logical conclusion of Plaintiffs' claim that it holds a property interest in its license would be to grant it immunity from any governmental revocation. Opposition at 12:17-20. Defendants' argument demonstrates a total misunderstanding of and contempt for due process such that it is not surprising we should find ourselves before the Court today. Possessing a property interest does not mean one no longer has a responsibility to follow laws

and regulations, it means that when the government seeks to revoke that property interest it must at a minimum notify the property holder of the reasons for the proposed revocation and provide an opportunity to be heard.

### 2.1.2 Defendants Deprived Plaintiffs of Due Process in Rescinding Cherry Patch's Brothel License

In addition to arguments provided in the Motion for a Temporary Restraining Order, it is worth noting that Plaintiff admits that the notices for the Agenda were flawed and referred to code sections that were not applicable to the renewal hearing.

Defendants provided absolutely no prior notice to Plaintiffs that they planned to revoke Cherry Patch's brothel license.  They attempt to excuse this deliberate failure to provide notice by claiming that their unconstitutional acts took place during a *renewal* hearing, rather than a *show cause* hearing.  This is blatant gamesmanship by Defendants, and they were fully aware that their deprivation of Plaintiffs' property interest, *after the sheriff told Plaintiffs everything was in order*, was unconstitutional.

Defendants' argument that the hearing at issue was a renewal hearing and not a show-cause hearing is befuddling.  Defendants claim that, "Plaintiff argues that it is governed by the Nye County Liquor Regulations contained at Chapter 5.04 of the Nevada Code" citing to "ECF No. 3, p. 7 of 99, ll. 19 - p. 8, l. 8." Nowhere do Plaintiffs make such an argument, and because the citation is indecipherable, Plaintiffs cannot even figure out what Defendant is referring to.  Plaintiffs did point out that the Notice of Agenda item referred to Chapter 5.04 of the Nevada Code and that the Commission appeared to rely on the section.  However, Plaintiffs' argument that Cherry Patch holds a property interest subject to Due Process rights in its Brothel license did not rely in any way on applying the Nye County Liquor Regulations.  In fact, Plaintiffs specifically identified Nye County Code sections

that deal with revocation of Brothel licenses, including sections 9.20.110 and 9.20.170. (ECF. No. 3, 12:5-22.)

The reason Due Process requires notice and hearing is so that the individual facing the deprivation of a property interest may understand the allegations and may appear and defend against them. On one hand, Defendants claim that the hearing was simply a ministerial hearing to approve renewals for brothels who had filed the proper form and paid the proper fees. In that regard, the notice indicated that those requirements had been met[3]. Thus, there was no reason for Plaintiffs to appear. In fact, Defendants' adamant statement that this was not a show cause hearing, confirms that there was no reason to appear.

On the other hand, however, Council Members delved into a litany of reasons why the Board should not renew Plaintiffs' Brothel License. And Defendants' Opposition now demonstrates that the decision to deny the renewal was not based solely on the pre-textual reason of late payment of fees, but also on hearsay evidence presented by council members who were not sworn in and were not subjected to cross examination. If the Board determined that renewal should be denied for these other reasons, Due Process requires that they notify Plaintiffs of the alleged violations and permit them to appear and defend.[4]

---

[3] Defendants make the confusing argument that this was not a show cause hearing, yet then argue that Defendants did not exhaust their administrative remedies by complaining about the Defendants not revealing their conflicts to the state ethics board. Defendants Opposition at 18. However, while the state ethics board may punish Defendants for acting unethically, the ethics board has no say over Plaintiff's license. Thus, the argument is unavailing.

[4] Indeed, at the conclusion of their Opposition, Defendants accuse Plaintiffs of two new violations — print advertising for the brothel in a Chamber of Commerce publication and having work permits for eleven sex workers when the brothel is only licensed to have ten "on the floor at any one time." (Opposition at 19-20.) Defendants did not raise these "issues" as reasons to refuse Plaintiffs their brothel license and never raised them with Plaintiffs before Defendants filed their

Now that Defendants have established that the failure to renew was based on multiple reasons and not simply that the fee was paid late, it is abundantly clear that the notice was insufficient and that there was no opportunity for Plaintiff to address the reasons for the failure to renew.

### 2.2 **Plaintiffs Will Suffer Irreparable Harm in the Absence of Injunctive Relief**

Defendants do not dispute that Plaintiffs will suffer irreparable harm if the Court does not grant the requested injunctive relief. Instead, they attempt to blame the victim to excuse their unconstitutional actions.

Defendants argue that any harm arising out of their failure to renew Plaintiffs' brothel license is solely Plaintiffs' fault because Nye County has an "obligation to enforce the brothel laws of Nye County." (Opposition at 19.) Plaintiffs agree that Nye County is obligated to enforce its brothel laws. However, Nye County is also obligated to enforce those laws fairly and consistently. They have not done so here.

During the August 7, 2018 meeting, Defendants ostensibly shut down Plaintiffs' business because they failed to timely pay the licensing fee. Ignoring for a moment that the laws cited by Defendants to justify their actions do not provide that this is a valid basis for failing to renew a brothel license, Defendants admittedly have not enforced their laws fairly and consistently. They are responsible for Plaintiffs' harm.

By way of example, the Sheriff informed the Commission that Plaintiffs had met each and every requirement for license renewal, which had always been

---

Opposition. Moreover, Defendants only allege that Plaintiffs had work permits for eleven prostitutes; they do not allege that Plaintiffs ever had more than ten "on the floor" at any given time. Regardless, these issues are not properly before this Court and represent Defendants' desperation to manufacture some justification for closing Plaintiffs' business that this Court might find palatable.

sufficient for license renewal in the past.  Defendants admit in their Opposition that other brothel owners failed to pay their licensing fees on time.  (*See* Opposition at 16.)  They admittedly excused those other brothels but did not excuse Plaintiffs.  (*See id.*)  Defendants admit that Commissioners had previously abstained from voting upon matters involving Mr. Hof due to conflicts of interest.  (*See* Opposition at 17-18.)   But they additionally admit that those same Commissioners did not abstain on August 7, 2018. (*See id.*)  Moreover, audiovisual evidence reveals that those Commissioners did not disclose their conflicts of interest before voting as they were required to do under NRS 281A.420.

As elected officials, Defendants have an obligation to enforce laws consistently and fairly.  Here, they have admittedly treated Plaintiffs differently than they treated other brothel owners.  They have admittedly acted inconsistently with regard to their conflicts of interest on matters involving Mr. Hof and his businesses.  What Defendants have done is unfair and in derogation of the oath they took when elected.  They are responsible for Plaintiffs' harm.

### 3.0    CONCLUSION

For each and every reason identified herein, Plaintiffs respectfully request that the Court hear this Motion and grant it in full.

Dated: August 21, 2018.   Respectfully Submitted,

RANDAZZA LEGAL GROUP, PLLC

/s/ LaTeigra Cahill
Marc J. Randazza, NV Bar # 12265
Ronald D. Green NV Bar # 7360
LaTeigra C. Cahill, NV Bar # 14352
Randazza Legal Group, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117

Attorneys for Plaintiffs
Dennis Hof and Cherry Patch LLC