Marc J. Randazza, NV Bar # 12265
Ronald D. Green NV Bar # 7360
LaTeigra C. Cahill, NV Bar # 14352
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109,
Las Vegas, NV 89117
Telephone: 702-420-2001
ecf@randazza.com

Attorneys for Plaintiff
Cherry Patch, LLC

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| **DENNIS HOF**, an individual; **CHERRY PATCH LLC**, a Nevada limited liability company,<br><br>  Plaintiffs,<br><br>vs.<br><br>**NYE COUNTY**; **NYE COUNTY BOARD OF COUNTY COMMISSIONERS**; **DAN SCHINHOFEN** (in his personal and official capacity as an employee of Nye County); **ANDREW BORASKY** (in his personal and official capacity as Commissioner of District 4 of Nye County); **JANE DOE**; and **JOHN ROE**,<br><br>  Defendants | Case No. 2:18-cv-01492<br><br>**STIPULATION TO EXTEND TIME TO RESPOND TO DEFENDANTS' MOTION TO DISMISS** |

Plaintiff, Cherry Patch, LLC by and through its attorney of record, LaTeigra C. Cahill of Randazza Legal Group, PLLC and Defendants Nye County, Nye County Board of County Commissioners, Dan Schinhofen and Andrew Borasky, by and through their attorney of record, Rebecca Bruch, Esq. of Erickson, Thorpe & Swainston, LTD. hereby stipulate to extend the deadline for the date by which Plaintiff must serve its response to Defendant's Motion to Dismiss Defendants Schinhofen and Borasky, precipitated by the death of Plaintiff Dennis Hof.

- 1 -
Stipulation to Extend Time

## MEMORANDUM OF POINTS & AUTHORITIES

### 1. PROCEDURAL HISTORY AND CURRENT STATUS

On October 12, 2018, Defendants Andrew Borasky and Dan Schinhofen filed a Motion to Dismiss. Dkt. No. 39. On approximately October 16, 2018, Plaintiff Dennis Hof passed away. In addition to being a Plaintiff individually, Mr. Hof was also a managing member of Cherry Patch, LLC.

On October 17, 2018, Defendants filed a Suggestion of Death. Dkt. No. 42.

### 2. LEGAL ARGUMENT

FRCP 25 (a) holds as follows:

(1) Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
(3) Service. A motion to substitute, together with a notice of hearing must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

Plaintiffs' response to the Motion to Dismiss is due on October 26, 2018. Until a motion for substitution has been made and granted, the court may not proceed with the deceased party's case. See, e.g., *Campbell v. State of Iowa, Third Judicial District Department of Correctional Services*, 702 F.3d 1140, 1141-42 (8th Cir. 2013)(court may not proceed until proper party is substituted for deceased person).

The Parties have not yet ascertained the identity of Mr. Hof's estate, or his successor in interest. As soon as that information is known, Defendants will serve the Suggestion of Death on the successor and other Plaintiffs. In the meantime, the Parties stipulate to stay the current deadlines for the Motion to Dismiss for 60

days to allow time for Mr. Hof's successor to be named and substituted into this litigation if the estate determines it wants to continue with this case.

If at the end of 60 days the matter is still undetermined, the Parties may request an additional extension of time to determine if the matter is going forward, and if so, with which parties.

### 3. CONCLUSION

Based upon the foregoing, the Parties hereby stipulate and request that the Court grant an extension of time of 60 days. Given that 60 days from today is a holiday, December 25, 2018, the Parties further stipulate that the extension will be granted until December 27, 2018, in order to file the response to Defendant's Motion to Dismiss.

Dated: October 26, 2018.  Respectfully Submitted,

RANDAZZA LEGAL GROUP, PLLC

/s/ LaTeigra C. Cahill
Marc J. Randazza, NV Bar # 12265
Ronald D. Green NV Bar # 7360
LaTeigra C. Cahill, NV Bar # 14352
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117

Attorneys for Plaintiff
Cherry Patch LLC

Dated: October 26, 2018.  Respectfully Submitted,

ERICKSON, THORPE & SWAINSTON, LTD

/s/ Rebecca Bruch
REBECCA BRUCH, ESQ. (SBN 7289)
99 West Arroyo Street
Reno, Nevada 89509

Attorney for Defendants

## **ORDER**

IT IS SO ORDERED that the deadline to file the Plaintiff's response to the Motion to Dismiss shall be extended from the current deadline of October 26, 2018 to December 27, 2018.

DATED: October 29, 2018.

_____
RICHARD F. BOULWARE, II
United States District Court